No. 701    July 30, 2025    367

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TARA ELIZABETH JOHNSON,
aka Tara Johnson,
*Defendant-Appellant.*

Coos County Circuit Court
23CR12676; A182425

Andrew E. Combs, Judge.

Submitted May 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Elise Josephson, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. She assigns error to the trial court's denial of her motion to suppress evidence. After that motion was denied, she entered a conditional guilty plea, reserving her right to challenge the motion to suppress ruling on appeal. We affirm.

As she argued below, on appeal defendant contends that, at the time the deputy stopped the van in which defendant was riding, the deputy lacked reasonable suspicion that defendant had committed DUII. The deputy relied on information from two named informants. There are three factors that bear on whether information received from an informant can form the basis for an officer's reasonable suspicion: (1) whether the informants gave their names, (2) whether the informant reports were based on personal observations, and (3) "whether the officer's own observations corroborated the informant's information." *State v. Villegas-Varela*, 132 Or App 112, 115, 887 P2d 809 (1994).

Here, the first two factors clearly weigh in favor of the reliability of the reports and defendant focuses on only the third factor: "whether the officer's own observations corroborated the informant's information." *Id*. "In order to corroborate an informant's report, an officer must either observe the illegal activity or find the person, the vehicle, and the location substantially as described by the informant." *State v. Hames*, 223 Or App 624, 635, 196 P3d 88 (2008). Defendant argues that the deputy's observations did not sufficiently corroborate the information that he had received from the informants.

We review the denial of a motion to suppress for legal error, and we are bound by the trial court's findings of fact if the evidence in the record is sufficient to support those findings. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We describe the facts consistent with that standard of review.

The trial court's findings are sufficient for it to conclude that the deputy had reasonable suspicion that

defendant had been driving while intoxicated. Specifically, the trial court found that at the point when the officer turned on his lights to stop the van, he had the following information from two named informants. On a night in August, the first named informant, a bartender in Bandon, called to report that a woman who was intoxicated had left the bar, gotten into a car, and driven away. The bartender's call was routed to a sheriff's deputy on patrol who spoke to her directly; the deputy was called as a witness at the motion to suppress hearing.

The bartender told the deputy that an intoxicated woman who could barely stand was driving a silver sedan with an emblem that was a "round circle with other little circles" in it headed toward Coquille from Bandon. Based on that information, the deputy headed toward Highway 42. From a second named informant, he learned that there was a car in the ditch on Riverside Drive, at a point about a mile from the tavern that the intoxicated woman had just left. The second informant, who was still near the car in the ditch, told the deputy that the driver of the car had just gotten into a van that was pulling away as the officer arrived at the scene.

In addition, from his own knowledge and experience the deputy knew that Highway 42 and Riverside Drive were both roads that lead from Bandon to Coquille. Of the two, Riverside Drive was known to the deputy to be used by intoxicated drivers to "bypass the city."

Thus, the deputy found "the person, the vehicle, and the location substantially as described by the informants." *Hames*, 223 Or App at 635. At the time that the deputy initiated the stop, he had seen that there was a metallic sedan of a color consistent with the bartender's description,[1] the car was in a ditch on a road that can be used to get from Bandon to Coquille, the location of the car was close to the

---

[1] Defendant argues that the car in the ditch was not of a color consistent with the bartender's description. The bartender described the car as "silver" and "metallic" in color and the deputy described the car in the ditch as a "goldish-colored Toyota[.]" The trial court watched the deputy's dashboard camera video of the car in the ditch and found that it was a metallic color, consistent with the bartender's report. We have also reviewed the dashboard camera video. That video would allow a factfinder to find that the car appears "metallic" in color—and that it appears to be a shade of silver or a shade of gold.

bar that the bartender had called from, and the timing was consistent with a car having left the bar around the time of the first call and having reached the location where it had gone off the road by the time of the second call. There was a van, as the second caller had described, just pulling away from the car in the ditch.

Having examined the record, including the transcript of the suppression hearing and the exhibits admitted, we conclude that the trial court did not err when it denied defendant's motion to suppress. We therefore affirm.

Affirmed.